IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GERALD WILLIAM MCGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   1:12CV772 |
| COUNTRYWIDE BANK FSB, | ) |
| BANC HOME LOANS SERVICING LP, | ) |
| TRUSTEE SERVICES OF CAROLINA LLC, | ) |
| and MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC./ | ) |
| COUNTRYWIDE BANK FSB, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants' motion to dismiss (Docket Entry 9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not filed a response in opposition to this motion. For the reasons stated, it is recommended that Defendants' motion to dismiss be granted for failure to state a claim upon which relief can be granted.

### I. PROCEDURAL BACKGROUND

On June 1, 2012, Plaintiff filed a Complaint against Defendants[1] in the District Court of Alamance County, North Carolina alleging several violations of statutes arising from the

---

[1] The Court notes Defendants' statement regarding the conversion and merger of Countrywide Bank, FSB and the merger of BAC Home Loans Servicing, LP:

> On April 27, 2009, Countrywide Bank, FSB converted to a national bank under the title of Countrywide Bank, N.A., and immediately thereafter, merged with and into Bank of America, N.A. Therefore, Bank of America, N.A. responds as successor by

"origination, servicing, and initiation of foreclosure proceedings" concerning a promissory note (hereinafter "Note") and deed of trust (hereinafter "DOT") for the property located at 2851 Union Ridge Road, Burlington, North Carolina. (Defs.' Mem., Docket Entry 10 at 2; *see generally,* Complaint (hereinafter "Compl."), Docket Entry 4.) On July 25, 2012, Defendants filed a Notice of Removal to the United States Court for the Middle District of North Carolina. (Docket Entry 1.) On August 1, 2012, Defendants filed the motion to dismiss now before the Court. (Docket Entry 9.) On August 1, 2012, the Court issued Plaintiff a "Roseboro Letter" advising him of his right to respond to Defendants' motion to dismiss, and the consequences for failure to respond. (Docket Entry 11.) Plaintiff did not respond to Defendants' motion to dismiss.[2]

## II. FACTUAL BACKGROUND

Plaintiff executed a negotiable promissory note on or about December 2, 2007. (Compl. ¶ 10.) As a result, the DOT was created in the amount of $86,000.00 and filed in

---

merger to Countrywide Bank, N.A. In addition, Plaintiff names "Banc Home Loan Servicing, LP" in his complaint; however, there is no known legal entity by that name. It is assumed that this is a misnomer and BAC Home Loans Servicing, LP was the intended defendant. However, BAC Home Loans Servicing, LP merged with and into Bank of America, N.A. on July 1, 2011 and no longer exists as a separate legal entity. Therefore, Bank of America, N.A. responds as successor by merger to BAC Home Loans Servicing, LP.

(Defendants' Memorandum in support of its Motion to Dismiss (hereinafter "Defs.' Mem.") at 1, n.1, Docket Entry 10.)

[2] Where a party fails to file a timely response, the motion will be "considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Local Rule 7.3(k). Because Plaintiff failed to file a timely response, Defendants' motion to dismiss could be granted as a matter of course pursuant to Local Rule 7.3(k). However, in view of Plaintiff's *pro se* status, the Court will consider the merits of the Plaintiff's complaint and Defendant's motion to dismiss to determine if Plaintiff has stated a claim upon which relief can be granted.

the Alamance County Registry.[3] (*Id.*) Plaintiff appears to allege that Defendants improperly securitized a loan, neglected record keeping duties by failing to record assignments pursuant to a Pooling and Servicing Agreement ("PSA"), engaged in negligent misrepresentation by failing to transfer the Deed of Trust, and failed to make necessary disclosures regarding the loan. (*See generally* Compl.) Plaintiff claims that Defendants violated the Truth In Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Unfair Deceptive Business Trade Act ("UDAP"), Home Ownership and Equity Protection Act ("HOEPA"), Equal Opportunity Credit Act, Mortgage Disclosure Improvement Act ("MDIA"), N.C. Gen. Stat. §§ 24-1.1A *et seq*, 45-90, 45-91, 45-93, 47-17.2, 75-2, and 108A-70.28. (*See* Compl. ¶¶ 9, 13, 15, 17, 18, and 22.)

### III. DISCUSSION

A. <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'"

---

[3] Plaintiff indicates "Burlington County" as location for said subject property. This appears to be a misnomer. The subject property is located in Alamance County.

*Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (*quoting Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* While courts construe pro se complaints liberally, a court should not fashion Plaintiff's arguments for him. *See Small v. Endicott,* 998 F.2d 411 (7th Cir. 1993). Likewise, a court should not "conjure up questions never squarely presented." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact. . . .") *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416, U.S. 232, 236 (1974)).

B. <u>Analysis</u>

*Loan Securitization*

Plaintiff alleges that the securitization of the Note rendered it, and the DOT, void as result of the two instruments traveling separate paths. Plaintiff's Complaint states:

> It appears that the Note and Deed have taken two distinctly different paths. Upon information and belief, the examiners [have] reason to believe the Note was securitized into Banc of America Mortgage 2008-A Trust. The trust was formed by the execution of a trust agreement referred to in the finance and securitization industry as a "Pooling and Servicing Agreement".

(Compl. ¶ 12.) Essentially Plaintiff alleges that this separation was in violation of the PSA, cancelling the right to enforce the instrument. Furthermore, Plaintiff asserts that "the ability to foreclose on the 'subject property' does not exist until the Note and Deed of Trust have been united." (Compl. ¶ 15.) Defendants argue, in which this court agrees, that Plaintiff lacks standing to assert violations of the PSA as he is neither a party to the contract, nor has he asserted rights as an intended third-party beneficiary. (*See* Defs.' Mem. at 7.)

5

A party must have standing to challenge or enforce provisions of a contract. To have standing, "the plaintiff must be in privity of contract with the defendant or be a third party beneficiary to enforce the contract." *Nw. Nat. Ins. Co. of Wisconsin v. FMC Corp.*, 845 F. Supp. 2d 697, 702 (W.D.N.C. 2012). Defendants argue that Plaintiff is no party or third-party beneficiary to the PSA. (*See* Defs.' Mem. at 7.) Other courts are consistent with this argument, holding that debtors are not third-party beneficiaries of a PSA:

> [A] judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement, *i.e.,* the PSA.

*In re Walker*, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012). *See also Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) (bundling and transferring of loan did not create standing to assert breach of PSA); *In re Kain*, ADV 10-80047-HB, 2012 WL 1098465 (Bankr. D.S.C. Mar. 30, 2012). Thus, Plaintiff's claims fail to the extent they are based on the validity of a mortgage securitization or a violation of the PSA.

*Claims of Negligent Misrepresentation, Unfair and Deceptive Trade Practice, and Fraud*

Plaintiff's claims of negligent misrepresentation, unfair and deceptive trade practices, and fraud fail to allege sufficient facts to avoid dismissal under Rule 12(b)(6). Plaintiff does not allege the requisite elements to such claims. Under North Carolina law, negligent misrepresentation occurs "[w]hen a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *NCNB Nat. Bank of N. Carolina v. Deloitte & Touche*, 119 N.C. App. 106, 112 (1995) (citing *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206 (1988)). While Plaintiff asserts

6

that "Defendants transferred Note, but the Deed of Trust was never transferred," Plaintiff failed to state why Defendants owed him a fiduciary duty to disclose, and how Plaintiff justifiably relied on the information.[4] (Compl. ¶ 17.) This claim should be dismissed.

In similar fashion, Plaintiff fails to allege a *prima facie* case for unfair and deceptive trade practices. Plaintiff must show "(1) 'the defendant engaged in conduct that was in or affecting commerce,' (2) 'the conduct was unfair or had the capacity or tendency to deceive,' and (3) 'the plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation.'" *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 164 (4th Cir. 2012), as amended (May 9, 2012) (internal quotation marks omitted) (citing *ABT Bldg. Products Corp. v. Nat'l Union Fire Ins. Co. Of Pittsburgh*, 472 F.3d 99, 122 (4th Cir. 2006)). Plaintiff fails to allege supportive facts as to these elements.[5] In sum, most of Plaintiff's Complaint merely recites elements, leaving Defendants and the Court in the dark as to what Plaintiff is attempting to convey. (*See* Compl. ¶¶ 17, 18, 19.) As discussed above, these types of statements, uninformative of the true nature of the claims, will not suffice. *See Iqbal*, 129 S.Ct. at 1949; *see also*, *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 258 (4th Cir. 2009). Therefore, these claims should be dismissed.

---

[4] Plaintiff's claim of fraud purports to be the result of Defendants' unfair and deceptive trade practices. (*See* Compl. ¶ 19.) Again, Plaintiff fails to show justifiable reliance and Defendants' duty owed to him. A party alleging fraud must also plead with "particularity" pursuant to rule 9(b). *See* Fed. R. Civ. P. 9(b). "Thus, in a case governed by Rule 9(b), the plaintiff must allege the speaker, time, place, and contents of the allegedly false statement." *Baltimore County v. Cigna Healthcare*, 238 F. App'x 914, 924 (4th Cir. 2007). Plaintiff failed to do so. Therefore, this claim should also be dismissed.

[5] For the same reason, Plaintiff's claims pursuant to N.C. Gen. Stat. §§ 75-1, 75-1.1, 75-2 should be summarily dismissed. *See R. J. Reynolds Tobacco Co. v. Philip Morris Inc.*, 199 F. Supp. 2d 362, 396 (M.D.N.C. 2002) *aff'd sub nom. RJ Reynolds Tobacco Co. v. Philip Morris USA, Inc.*, 67 F. App'x 810 (4th Cir. 2003).

7

*Claims under TILA, HOEPA, RESPA, ECOA, and MDIA*

Plaintiff's claims under TILA, HOEPA, RESPA, ECOA, MDIA should also be dismissed. Under TILA, Plaintiff asserts that Defendants were required to provide "uniform disclosures," however, Plaintiff fails to state exactly what Defendants did not disclose to him. (*See* Compl. ¶ 14.) Plaintiff alleges violations under HOEPA, ECOA, and MDIA, but provides not one single reference to these violations beyond asserting that Defendants' right to foreclose is lost because "Defendants' security interest in subject property has been rendered void by operation of law" pursuant to said Acts. (Compl. ¶ 22.) Plaintiff alleges Defendants violated duties imposed by RESPA, but fails to state those "duties" or how Defendants violated them. (*See* Compl. ¶ 15.) Undoubtedly, dismissal is appropriate as there are no supportive facts for these claims.

*Plaintiff's claims under the North Carolina General Statutes*

   1. N.C. Gen. Stat. §§ 24-1.1 *et seq.*

Plaintiff's Complaint also alleges that Defendants were in violation of N.C. Gen. Stat. §§ 24-1.1A *et seq.* (*See* Compl. ¶ 9.) The provisions in section 24-1.1A govern "contract rates on home loans secured by first mortgages or first deeds of trust". N.C. Gen. Stat. § 24-1.1A. Plaintiff provides no other supportive facts to support any argument pursuant to these statutes. Moreover, as Defendants note, Plaintiff's claim under the "Interest Statutes" is barred by the two-year statute of limitations. (Defs.' Mem. at 14); *See Faircloth v. Nat'l Home Loan Corp.*, 313 F. Supp. 2d 544, 552 (M.D.N.C. 2003) *aff'd sub nom. Faircloth v. Fin. Asset Sec. Corp. Mego Mortgage Homeowner Loan Trust*, 87 F. App'x 314 (4th Cir. 2004) (two-year statute of

8

limitation begins the day of the loan closing). Plaintiff alleges that the closing date was on or about January 28, 2008. (*See* Compl. ¶ 13.) The statute of limitations ran out January 28, 2010 and Plaintiff did not file suit until June 1, 2012. Plaintiff's claims under N.C. Gen. Stat. §§ 24-1.1A *et seq.* should be dismissed.

   *2. N.C. Gen. Stat. § 47-17.2*

Plaintiff asserts that "there is no record Assignment filed on the county level to either the Sponsor or Depositor as required by the Pooling and Servicing Agreement." (Compl. ¶ 13.) Defendants argue that no recording of an assignment was necessary pursuant to N.C. Gen. Stat. § 47-17.2. (Defs.' Mem. at 15.) The statute reads, in part:

> It shall not be necessary in order to effect a valid assignment of a note and deed of trust, mortgage, or other agreement pledging real property . . . to record a written assignment in the office of the register of deeds in the county in which the real property is located.

N.C. Gen. Stat. § 47-17.2. The subject property is located in Alamance County, thus no record of assignment was necessary in said county. Plaintiff's claim should be dismissed.

   *3. All other claims under the North Carolina General Statutes*

Plaintiff's remaining claims under N.C. Gen. Stat. §§ 45-90, 45-91, 45-93, and 108A-70.28 also fail. Again, Plaintiff provides no supportive facts for these claims. *See generally* Compl.; *see also* N.C. Gen. Stat. §§ 45-90, 45-91, 45-93. Moreover, N.C. Gen. Stat. § 108A-70.28 governs the children's health insurance programs and is inapplicable to Plaintiff's case. *See* N.C. Gen. Stat. § 108A-70.28. Therefore, Plaintiff's claims pursuant to these statutes should be dismissed.

9

## IV.  CONCLUSION

Despite Plaintiff's failure to file a response, the Court has nevertheless considered the substance of Plaintiff's complaint, and for the reasons discussed above, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.  Therefore, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket Entry 9) be **GRANTED** and Plaintiff's claims be **DISMISSED**.

/s/ Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
March 11, 2013